UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| WAYLON VAUGHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| AEGIS COMMUNICATIONS GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Aegis Communications Group, LLC (hereafter "ACG"), by and through its attorneys, and gives notice that the case of Waylon Vaughan v. Aegis Communications Group, LLC, initiated in the Circuit Court of Jasper County, Missouri on or about May 23, 2013, and assigned cause number 13AP-CC00035 has on this 10th day of July, 2013, been removed to the United States District Court for the Western District of Missouri, Southwestern Division. As grounds for removal, ACG states:

1. On May 23, 2013, Waylon Vaughan initiated this case by filing a Petition in the Circuit Court of Jasper County, Missouri in an action titled Waylon Vaughan v. Aegis Communications Group, LLC, and there designated as cause number 13AP-CC00035. A Summons and Petition was served on Defendant on or about June 10, 2013.

2. A copy of the Summons and Petition is attached hereto as Exhibit A. No further proceedings have been had in this action, nor have any other processes, pleadings, or orders been served on ACG.

3. This notice of removal is filed within 30 days of the serving of Plaintiff's Petition setting forth his claims for relief, and is timely filed under 28 U.S.C. § 1446(b).

4. Count V of Plaintiff's Petition alleges Forced Labor in violation of 18 U.S.C. §§ 1589; 1595. (Petition pg. 14) Accordingly, this Court has original federal question jurisdiction of this case pursuant to 28 U.S.C. § 1331.

5. Additionally, ACG is removing this case by reason of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, in that the only Defendant herein, ACG, is now, and was at the time this action was commenced, diverse in citizenship from Plaintiff.

6. As of the date of the commencement of this cause and the removal of this cause, Defendant ACG was, and still is, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Irving, Texas. (Exh. B, Mary D. Mullen Affidavit, ¶ 3).

7. ACG's sole member is Aegis USA, Inc., a company incorporated under the laws of the State of Delaware with its principal place of business in California. (Exh. B, ¶¶ 4-5).

8. Because "[a]n LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members," ACG is considered a citizen of Delaware and California. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

9. Upon information and belief, Plaintiff Waylon Vaughan is a citizen of Missouri. (Exh. A, ¶ 1).

10. Plaintiff's Petition does not state the specific amount of damages being sought; however, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

11. "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that

the damages that the plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

12. When the jurisdictional amount is not clear from the face of the Petition or is otherwise in dispute, the party seeking to establish jurisdiction must prove the requisite amount by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "Under the preponderance standard, the jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Id.* at 959 (internal quotation omitted); *see also Quinn v. Kimble*, 228 F.Supp.2d 1038, 1040 (E.D. Mo. 2002). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956; *see also Kopp*, 280 F.3d at 884-85.

13. In his five-count Petition, Plaintiff alleges fraudulent inducement and misrepresentation in employment negotiations, negligent misrepresentation, unjust enrichment breach of contract and forced labor. Plaintiff seeks compensatory damages for all counts, punitive damages for four counts and attorney fees for two counts. (Petition, pgs. 8-15). Accordingly, a fact-finder could legally conclude that Plaintiff's damages exceed $75,000.

14. Removal of this action is proper under 28 U.S.C. § 1441. This is a civil action brought in state court and this Court has original jurisdiction over the action under 28 U.S.C. §§ 1331 and 1332, since Plaintiff and Defendant are citizens of different states and the amount of controversy exceeds the sum of $75,000, and a federal question is raised.

15. Written notice of the filing of this Notice of Removal will be given to Plaintiff's counsel, as required by law.

3

16. A true and correct copy of this notice of removal will be filed with the Clerk for the Circuit Court of Jasper County, Missouri, as required by law.

WHEREFORE, Defendant Aegis Communications Group, LLC gives notice that the above action initiated in the Circuit Court of Jasper County, Missouri is hereby removed to the United States District Court for the Western District of Missouri, Southwestern Division for the reasons stated above.

ARMSTRONG TEASDALE LLP

By: _____
Robert A. Kaiser      #31410MO
Jeremy M. Brenner     #63727MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)
rkaiser@armstrongteasdale.com
jbrenner@armstrongteasdale.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2013, the foregoing was filed electronically with the Clerk of the Court and will be served via email and U.S. Mail upon the following:

Anne Schiavone
Matt O'Laughlin
Kelly McCambridge
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone (816) 283-8738
Facsimile (816) 283-8739
e-mail: aschiavone@hslawllc.com
e-mail: molaughlin@hslawllc.com
e-mail: kmccambridge@hslawllc.com

/s/ [signature]