

# LEAVE OF ABSENCE AGREEMENT

THIS LEAVE OF ABSENCE AGREEMENT (the "Agreement"), dated June 29, 2011, is made by and between Aegis Communications Group, LLC ("Aegis"), and Waylon Wendell Vaughn, an individual residing at 2007 S Pearl, Joplin, MO, USA ("Employee").

## RECITALS

A. Employee wishes to take a leave of absence from Aegis for one year in order for Employee to avail of a study program offered by Aegis University ("University") in India. Employee has volunteered for this program and is willing to take a leave of absence to pursue the study program.

B. Aegis desires Employee to take a leave of absence as described above, and is willing to grant Employee permission to take such a leave of absence.

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the parties hereto agree as follows:

1 <u>Leave of Absence</u>.

Aegis hereby grants Employee the right, and gives Employee permission, to take a leave of absence from his employment with Aegis to study at the University for up to one year, commencing July 01, 2011 (the "Leave of Absence").

2 <u>Return From Leave of Absence</u>.

Provided that Employee has successfully completed the one year study program and has remained in good standing throughout such one year period, Employee's return to work at Aegis and Employee's employment with Aegis will be re-instated as if he had never left employment with Aegis. Upon Employee's return, Employee will be placed in the Aegis ACE program for supervisorial training as well. "Good standing" for purposes of this Agreement shall mean Employee completed the study program without any infraction of policy or any unexcused absences, as determined by Company in its sole discretion and such determination shall be deemed final and binding between the parties.

3 <u>Governing Law</u>.

This Agreement shall be governed by and construed, interpreted and enforced in accordance with the laws of the State of Texas, without regard to principles of conflict of law.

4 <u>Waivers</u>.

The waiver by either party hereto of the other party's prompt and complete performance or breach or violation of any provision of this Agreement shall not operate nor be construed as a waiver of any subsequent breach or violation, and the waiver by either party hereto to exercise

1

EXHIBIT A



any right or remedy which it may possess shall not operate nor be construed as the waiver of such right or remedy by such party upon the occurrence of any subsequent breach or violation.

    5   <u>Severability</u>.

If any provision of this Agreement is held to be illegal, invalid, or unenforceable under present or future laws effective during the term of this Agreement, such provision shall be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised a part of this Agreement; and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Agreement. Furthermore, in lieu of each such illegal, invalid, or unenforceable provision there shall be added automatically as a part of this Agreement a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and legal, valid, and enforceable.

    6   <u>Amendment</u>.

This Agreement may be amended only by a writing signed by both of the parties hereof.

    7   <u>Assigns; Assignment</u>.

This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective successors and permitted assigns.

    8   <u>No Third Party Beneficiary</u>.

Except as otherwise provided herein nothing expressed or implied in this Agreement is intended, or shall be construed, to confer upon or given any person, firm, partnership, association or other entity, other than the parties hereto, and their respective heirs, legal representatives, successors and assigns, any rights or remedies under or by reason of this Agreement.

    9   <u>Cumulative Remedies</u>.

All rights and remedies pursuant to this Agreement or otherwise, shall be cumulative and nonexclusive, and may be exercised singularly and concurrently.

    10   <u>Consents and Approval</u>.

Except where expressly provided as being in the discretion of a party, where agreement, approval, acceptance, consent or similar action by either party is required under this Agreement, such action shall not be unreasonably delayed, conditioned nor withheld.

    11   <u>Counterparts; Facsimile or Electronic Signature</u>.

This Agreement may be executed and delivered by facsimile or electronic signature, which shall be valid and binding, and in multiple counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.



IN WITNESS WHEREOF, the parties hereto have executed this Leave of Absence Agreement on and as of the date first stated above.

Aegis Communications Group, LLC

_____           _____
Mary Mullen                                                      Employee
Vice President of Human Resources           June 29, 2011

June 29, 2011