IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| WAYLON VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-5097-CV-SE-DGK |
| ) | |
| AEGIS COMMUNICATIONS GROUP, LLC, ) | |
| and AEGIS USA, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNT VII (BENEFITTING FROM FORCED LABOR)
OF PLAINTIFF'S FIRST AMENDED PETITION**

COMES NOW Plaintiff Waylon Vaughn, by and through his attorneys, and states the following in opposition to Defendant Aegis Communication Group's Motion to Dismiss Count VII:

**INTRODUCTION**

Defendant's Motion to Dismiss Count VII is based on two premises: (1) Plaintiff has not adequately alleged Aegis Communication Group ("ACG") benefitted from its participation in the venture that forced Plaintiff to provide labor, and (2) that Plaintiff has failed to allege that he was threatened with "serious harm" or that he feared he would suffer "serious harm" as that term is defined in 18 U.S.C. § 1589(c) (2012). ACG's first argument does not warrant dismissal because ACG attempts to improperly raise the required standard of pleading in order to achieve dismissal. ACG's second argument incorporates its argument in its briefing for its Motion to Dismiss Count V, ECF Nos. 7, 9, and 12, but raises no new arguments or authorities to support its position. This argument fails for the same reasons its Motion to Dismiss Count V fails, and because

even if Plaintiff did not suffer serious harm himself, he witnessed another employee suffer serious harm and feared that he would suffer the same fate if he refused to work. This ACG liable if it participated in, and benefitted from, the venture which caused Plaintiff to have such a fear.

For these reasons and those discussed in more detail below, ACG's Motion to Dismiss Count VII should be denied.

## I. LEGAL STANDARD: MOTION TO DISMISS UNDER RULE 12 (b)(6)

Defendant ACG challenges Count VII under Rule 12(b)(6), arguing that it fails to state a claim upon which relief can be granted. As an initial matter, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To survive a motion to dismiss, a Complaint must meet the requirements of Rule 8(a)(2) and be "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In deciding a Rule 12(b)(6) motion, every factual allegation in the complaint must be accepted as true, "no matter how skeptical the court may be." *Iqbal*, 556 U.S. at 696 (Souter, J. Dissenting) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007)). The *only* statements in a Complaint that may be disregarded in deciding a motion to dismiss, and which are not afforded a presumption of truth, are "legal conclusions." *Iqbal*, 556 U.S. at 678. This includes formulaic recitals that are accurately described as "naked assertions." *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013). But the Complaint is **not** required to contain "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, fact-based allegations are entitled to a presumption of truth when the Court decides a Rule 12(b)(6) motion.

2

In addition to affording a presumption of truth to the Complaint's factual allegations, every reasonable inference based on the factual allegations must be construed in Plaintiff's favor. *See U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op Finance Corp.*, 690 F.3d 951, 955 (8th Cir. 2012). A Complaint is sufficient, if, based on the factual allegations and reasonable inferences drawn therefrom, it contains enough facts to indicate liability without requiring speculation. *See Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint establishes a plausible theory of liability, it states a claim and should not be dismissed. *Iqbal*, 556 U.S. at 678.

ACG argues that Count VII of Plaintiff's Complaint is subject to the heightened pleading standard contained in Rule 9(b) of the Federal Rules of Civil Procedure. On its face, Rule 9(b) only applies to "Fraud or Mistake." Fed.R.Civ.P. 9(b). It specifically does not apply to state of mind. *Id.* Pleadings alleging fraud or mistake "must state with particularity the circumstances" upon which the Complaint is based, but only with respect to the fraud or mistake. *Id.* ACG argues that Rule 9(b)'s heightened pleading requirement applies to Plaintiff's allegation that ACG received a benefit from its participation in the venture that forced labor from Plaintiff. This is incorrect.

### II. RULE 9(b) DOES NOT APPLY TO THE ALLEGATION THAT DEFENDANT ACG RECEIVED A BENEFIT FROM ITS PARTICIPATION IN THE ALLEGED PLAN

ACG argues that Rule 9(b)'s heightened pleading standard should be applied to Count VII because it alleges ACG participated in a "plan" that forced Plaintiff to provide labor. *See* ECF No. 30, *Suggestions in Support of Motion to Dismiss Count VII,* p.4; ECF No. 23, *First Amended Complaint*, ¶154. ACG also attempts to impute this particularity requirement into Plaintiff's allegation that ACG received a benefit from its participation in the aforementioned plan. *See Id.* Even if the "plan" itself is subject to

3

Rule 9(b)'s particularity requirement, ACG presents no colorable argument why the allegation that ACG received a benefit must be pled in a similar fashion. Even if an alleged fraudulent plan falls within the "fraud or mistake" contained in Rule 9(b), the same cannot be said for Plaintiff's allegation that ACG received a benefit from participating in the plan.

Plaintiff's allegations of the plan in which ACG participated in are particular enough to meet the heightened requirements of Rule 9(b). The allegations describing the plan begin with ACG's distribution of flyers within the workplace, which informed Plaintiff and others about the work-study abroad program. *See* ECF No. 23, *First Amended Complaint,* ¶19. Next Plaintiff alleges that the program was offered as a highly beneficial opportunity that would not interfere with his career at ACG. *Id.* at ¶¶23-27. It further alleges the application, selection, and training process that cloaked the program as a professional, legitimate enterprise. *Id.* at ¶¶28-29. Plaintiff also alleges the benefits that were explained to him in an effort to encourage his participation, *id.* at ¶¶32-48, and how those purported benefits did, in fact, persuade him to participate. *Id.* at ¶¶49-50. Plaintiff further alleges how the conditions he was exposed to in India were much worse than initially represented to him, *id.* at ¶¶52-67 and how some of the particular conditions limited his ability to communicate with people in the United States. *Id.* at ¶¶60, 62. Finally, Plaintiff alleges the leverage that ACG had over him, which it used to force him to continue providing labor. *Id.* at ¶¶70, 72-77. In addition, these allegations are further explained in ECF No. 23, at ¶¶83-84.

These allegations are particular enough to satisfy the heightened pleading standard required under Rule 9(b). They are "detailed factual allegations," which are normally not required in pleading. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.

4

at 555). ACG argues that Plaintiff's pleading of benefit is insufficient because it is not alleged with "detailed factual allegations," but that is not required. Plaintiff can allege benefit without application of Rule 9(b). The manner in which Plaintiff alleges a benefit is sufficient.

> III. **PLAINTIFF ADEQUATELY ALLEGES DEFENDANT ACG RECEIVED A BENEFIT FROM ITS PARTICIPATION IN THE ALLEGED PLAN**

Factual allegations contained in a pleading to the Court are required to "have evidentiary support," or be "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 11(b)(3). Plaintiff has alleged sufficient facts to allege based on good faith that "upon information and belief, ACG received a financial benefit or something of value for its participation in the program." ECF No. 23, ¶152. The Complaint describes ACG's participation, *inter alia*, as "spending its resources and time in order to convince Plaintiff to travel to India and provide labor through the study-abroad program." *Id.* But Plaintiff alleges that ACGs involvement was much more extensive than that, including advertising the program, accepting applications for it, and implementing a training program in Irving, Texas. *See* ECF No. 23, ¶¶ 19-20, 28-30, 50. It is plausible—and thus a reasonable inference—that ACG only acted in this way because it was receiving something of value in return for its services to the entity responsible for the work-study abroad program. Plaintiff's allegations concerning the benefit ACG received are not "naked assertions" devoid of any factual support; rather, they are supported by factual allegations which give rise to a reasonable inference, in addition to the express allegations, that ACG received something of value for its participation in the venture.

5

Case 3:13-cv-05097-DGK   Document 31   Filed 11/20/13   Page 5 of 9

### IV. PLAINTIFF ADEQUATELY ALLEGES THAT HE SUFFERED THREATS OF SERIOUS HARM OR THAT HE FEARED HE WOULD SUFFER SERIOUS HARM IF HE STOPPED PROVIDING LABOR

Count V alleges Defendant acquired services from Plaintiff through Forced Labor, in violation of 18 U.S.C. § 1589. This statute makes it illegal to obtain labor or services from another person by making threats of "serious harm," § 1589(a)(2), or by using a scheme, pattern or plan intended to **cause a person to believe that not performing services would result in "serious harm."** § 1589(a)(4) (emphasis added). The term "serious harm" is specifically defined. § 1589(c)(2). "Serious harm" can be "physical or nonphysical, including psychological, financial, or reputational." *Id*. The harm must be "sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor services in order to avoid incurring that harm." *Id*.

Section 1589's prohibition on forced labor is not "limited to overt physical coercion." *U.S. v. Calimlin*, 538 F.3d 706, 714 (7th Cir. 2008). To amount to Forced Labor it "is sufficient that a defendant's misconduct has created a situation where ceasing labor would cause a plaintiff serious harm." *Nunag-Tanedo v. East Baton Rouge Parish Sch. Bd.*, 790 F. Supp.2d 1134, 1145 (C.D. Cal. 2011) (emphasis added). In addition to protecting victims of the "most heinous" forms of human trafficking, such as slavery and sex trafficking, the Trafficking Victims Protection Act protects individuals who are forced to perform labor by the defendant's use of fraud. *Id*. at 1145. "[S]ubtle psychological methods of coercion" can also constitute unlawful Forced Labor. *U.S. v.*

*Bradley*, 390 F.3d 145, 150 (1st Cir. 2004), *vacated on other grounds*, 545 U.S. 1101 (2005).

To the extent that ACG argues Count VII fails to sufficiently allege serious harm, threats of serious harm, or that Plaintiff reasonably feared he would suffer serious harm, ACG incorporates its argument from its Motion to Dismiss Count V and supporting documents. Those arguments are found in ECF Nos. 7, 9, and 12. Considering this argument by incorporation, Plaintiff hereby incorporates his opposition to that Motion, found in ECF No. 10. In addition to the argument Plaintiff made in opposition to the Motion to Dismiss Count V, the Court should recognize that Plaintiff saw the effects of what would happen if he stopped providing labor.

ACG has argued that the threats made to Plaintiff were not threats of "serious harm" under the Forced Labor statutes. But the severity of those threats was enhanced by the fact that Plaintiff witnessed the serious harm a colleague suffered when he stopped providing labor. *See ECF No.* 23 ¶144. When Plaintiff's co-worker refused to provide labor, he was **not** sent back to the United States; rather, he was left to fend for himself and not provided with food. *Id.* The effect of seeing this was that it concretized the fears that Plaintiff had about what would happen if he stopped working. Even if Plaintiff did not suffer serious harm, and even if serious harm was not threatened, if the scheme implemented caused Plaintiff to fear he would suffer serious harm, Plaintiff was illegally forced to provide labor. *See* 18 U.S.C. § 1589(a)(4).

Plaintiff has alleged that Aegis designed, constructed and implemented a plan that convinced him and other American employees to leave their homes and travel to an unknown world 9000 miles away. Once they arrived, they soon realized they had no choice but to provide labor. This is not a complaint about less than preferable job

conditions, rather it is about an employer who abused its position of power to manipulate its employees. Plaintiff has not alleged he was a "slave," which is not required by the statute. He has not alleged the job he was required to perform was impossible or inhumane, also not required by the statute. Plaintiff has alleged that his employer's fraudulent scheme placed him in a position where he was forced to continue working because he feared if he stopped he would suffer serious harm—similarly to his co-worker who did stop working briefly. Plaintiff has adequately alleged Forced Labor, and he has adequately alleged that ACG benefitted from its participation in the scheme that forced labor from Plaintiff.

WHEREFORE, based on the above and foregoing, Plaintiff respectfully requests Defendant's Motion to Dismiss Count VII of Plaintiff's Petition be denied, and for such other relief as this Court deems just and proper.

HOLMAN SCHIAVONE, LLC

By: *s/Anne Schiavone*
Anne Schiavone, MO Bar# 49349
Matt J. O'Laughlin, MO Bar#54025
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: aschiavone@hslawllc.com
Email: molaughlin@hslawllc.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) system and conventionally, via first-class United States mail, postage prepaid to those parties who have requested notice but are not participating in the ECF System, pursuant to Instructions appearing on the Electronic Filing Receipt received from the U.S. District Court for the Western District of Missouri on this 20th day of November, 2013.


                *s/Anne Schiavone*
                ATTORNEY FOR PLAINTIFF