UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| WAYLON VAUGHAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| AEGIS COMMUNICATIONS GROUP, LLC, and AEGIS USA, INC., | ) Case No. 13-5097-CV-SW-DGK ) ) ) |
| Defendants. | ) ) |

**REPLY SUGGESTIONS IN FURTHER SUPPORT OF MOTION TO DISMISS
COUNT VII OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff's opposition is based on the improper assumption that participation implies remuneration. Plaintiff's opposition also ignores persuasive case law demonstrating that Rule 9(b) applies to his benefiting from trafficking claim. Plaintiff's amended complaint fails to comply with Rule 9(b) and is therefore defective as a matter of law for that reason as well. Finally, Plaintiff's "serious harm" allegations are insufficient for the same reason those allegations are insufficient to form the basis of Plaintiff's underlying trafficking claim.

1. **PLAINTIFF RELIES ON AN ILLOGICAL LEAP TO DEFEND HIS CONCLUSORY ALLEGATIONS OF "KNOWINGLY BENEFITTED."**

Plaintiff conclusorily alleges that ACG "knowingly benefited from Plaintiff's participation in the program" and that "[u]pon information and belief, ACG received a financial benefit or something of value for its participation in the program…." Petition at ¶152. That is no better than what the Supreme Court found deficient in *Twombly*. It is a bare recitation of an element followed by a conclusory allegation "upon information and belief." As shown in the motion and supporting memorandum, such allegations are not assumed true, as the Supreme Court held in *Iqbal*.

Plaintiff's defense of his "information and belief" of the "knowingly benefited" allegation is notable for what it ignores. Plaintiff does not identify a benefit or the source of any alleged benefit. He does not identify how it is that ACG is supposed to have known that it benefited from the alleged fraudulent scheme. Most importantly, he still fails even to provide any source for his "information and belief" at all.

Instead, Plaintiff defends the allegation by arguing that "knowingly benefited" is a "reasonable inference" from the allegation that ACG advertised the program and accepted applications for it.[1] However, even assuming the truth of those allegations for the instant motion, Plaintiff's argument is a non-sequitur. Remuneration does not follow necessarily from participation. In short, Plaintiff's "reasonable inference" argument does not save his "knowingly benefited" allegations.

2. **RULE 9(B) APPLIES AND IS FATAL TO PLAINTIFF'S "KNOWINGLY BENEFITED" CLAIM BECAUSE IT IS PREMISED ON A FRAUDULENT SCHEME.**

Plaintiff argues that Rule 9(b) does not apply to the "pleading of benefit." However, he cites no authority for that proposition and ignores ACG's cited authority. Plaintiff cannot dispute that his "benefiting" claim is premised on an alleged fraudulent scheme. Although not precisely on point, courts have considered this issue in connection with another federal criminal statute -- RICO -- which likewise authorizes civil actions. Particularity is required in RICO claims premised on fraud. *See Murr Plumbing, Inc. v. Scherer Bros. Fin. Srvcs. Co.*, 48 F.3d 1066, 1069 (8th Cir. 1995) (a RICO claim that alleges fraud as the predicate acts for the claim must be pled with the requisite particularity required by Rule 9(b)). Plaintiff ignores *Murr* and

---

[1] Plaintiff also argues that ACG implemented a training program in Texas, but that is false and does not appear in the First Amended Complaint. Instead, the Complaint makes only the ambiguous (but misguided) allegation that Plaintiff and others were "required to go to Irving, Texas for training and preparation for their studies in India." Dkt. No. 23 at ¶29.

the other cases that ACG cited in support of Rule 9(b)'s application to pleading a "knowingly benefited" claim based on an alleged fraudulent scheme to commit forced labor.

Rule 9(b) is fatal to Count VII of the amended complaint for two reasons. First, Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." *Sherwin-Williams Co. v. Novak's Collision Ctr., Inc.*, 2013 WL 5500107, *3 (E.D.Mo. Oct. 3, 2013). "'Circumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation **and what was obtained** or given up thereby." *Id.* (citing *Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995) (emphasis added)). Plaintiff has not pled what was allegedly obtained by ACG through its participation in the alleged fraudulent scheme. Accordingly, his "knowingly benefited" claim fails to comply with Rule 9(b).

Second, Plaintiff ignores that when Rule 9(b) applies allegations cannot be made "upon information and belief" without also identifying the source of the information and belief and the efforts made to obtain additional information. *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783-84 (8th Cir. 2009). Plaintiff's "knowingly benefited" allegations are made upon information and belief, without identifying any source, and therefore fall short of what Rule 9(b) requires.

### 3. PLAINTIFF'S "SERIOUS HARM" ARGUMENTS RAISE NO NEW ISSUE.

In its Motion to Dismiss Count VII, ACG incorporated its prior argument from its motion to dismiss Plaintiff's forced labor claim (Count V of the Amended Complaint) regarding Plaintiff's failure to plead serious harm as a matter of law. That issue has been fully briefed and is currently under submission. Dkt. Nos. 7, 9, 10 and 12. Plaintiff's "serious harm" arguments in opposition to the instant motion do not raise any new issue and are insufficient for the same reasons as the "serious harm" allegations in the trafficking claim.

4. **CONCLUSION.**

Plaintiff's First Amended Complaint does not state a claim for "benefitting from forced labor" under 18 U.S.C. §§1589 or 1595. Accordingly, the Court should dismiss Count VII with prejudice.

ARMSTRONG TEASDALE LLP

By: */s/ Jeremy M. Brenner*
Robert A. Kaiser #31410MO
Jeremy M. Brenner #63727MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)
rkaiser@armstrongteasdale.com
jbrenner@armstrongteasdale.com
ATTORNEYS FOR DEFENDANT
AEGIS COMMUNICATIONS
GROUP, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2013, the foregoing was filed electronically with the Clerk of the Court and will be served by operation of the Court's electronic filing system upon the following:

Anne Schiavone
Matt O'Laughlin
Kelly McCambridge
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
aschiavone@hslawllc.com
molaughlin@hslawllc.com
kmccambridge@hslawllc.com

*/s/ Jeremy M. Brenner*
